DALE K. KLEVEN, ESQ.
Nevada Bar No. 007778
Homeowner Relief Lawyers LLC
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Phone 702-589-7520
Fax 702-577-1075
Email: dale@hrlnv.com
*Attorney for Creditor/Landlord Neal Polachek*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>IMAD FRANK KATTAN,<br><br>Debtor. | Case No.    17-16448-ABL<br>Chapter 13 |

## <u>MOTION FOR RELIEF FROM AUTOMATIC STAY, AND FOR BANKRUPTCY</u>

## <u>SANCTIONS, ON ORDER SHORTENING TIME</u>

Creditor/Landlord NEAL POLACHEK, by and through his attorneys at Homeowner Relief Lawyers LLC, respectfully moves this Court for an order lifting the automatic stay to permit creditor/Landlord NEAL POLACHEK to pursue summary eviction proceedings against Debtor in the Las Vegas Justice Court in Clark County, Nevada, as to the property at 6830 Relic Street, Las Vegas, NV 89149; and for bankruptcy sanctions under Rule 9011, on Order Shortening Time.

This Motion is brought pursuant to subsection 362(d)(1) and (2) of the Bankruptcy Code and Bankruptcy Local Rules 4001(a), 9006, 9011, and 9014 to set aside the Automatic Stay and to allow creditor NEAL POLACHEK to pursue summary eviction proceedings against debtor in the state's Las Vegas Justice Court.  Movant also requests, pursuant to Rule 4001(a)(3) of the Bankruptcy Rules that the Court's Order take effect immediately, and that ten (10) day stay period set forth therein expressly not apply.

///

1    Creditor NEAL POLACHEK alleges as follows:

2    Creditor is the owner and landlord of residential real property located at 6830 Relic

3    Street, Las Vegas, NV 89149. See Assessor Page Printout, attached hereto as **Exhibit 1**. On or

4    about June 30, 2012, Debtor FRANK KATTAN entered into a lease of the property at 6830

5    Relic. See Residential Lease, attached hereto as **Exhibit 2**. The lease was originally for a two

6    year term, with annual renewals thereafter.

7    Debtor has substantially fallen behind on his rent payments. For calendar 2016 and

8    2017, Debtor owes $19,165.00 in back rent plus $4100 in late fees per the lease. In fact, Debtor

9    has made only two payments towards rent during calendar 2017, and one was a partial payment.

10    In August, Creditor posted a five day notice to pay rent or quit and proceeded to file for

11    an eviction, but Debtor filed for Bankruptcy right before the hearing (Case No. 17-14431-ABL).

12    Creditor filed a motion for relief from automatic stay, and received an order allowing the

13    eviction to proceed (See, Order Lifting Stay, attached as **Exhibit 3**).

14    Apparently, on November 22, 2017 Debtor's case was dismissed.

15    Creditor waited the requisite amount of stay time before posting a new Five Day Notice.

16    See 5 day notice, attached hereto as **Exhibit 4**. (See also photo of posted 5 day notice, attached

17    hereto as **Exhibit 5**, and Certificate of mailing of 5 day notice, attached hereto as **Exhibit 5**).

18    On December 1, 2017, Debtor IMAD FRANK KATTAN again filed for Chapter 13

19    bankruptcy protection, and filed an Answer in Opposition to Summary Eviction, along with an

20    application to proceed in Forma Pauperis and a Notice of Bankuptcy.

21    Even though Mr. Polachek is not listed in the bankruptcy filings as a Creditor, Movant,

22    NEAL POLACHEK, is an unsecured creditor and was the Plaintiff in the first and now the

23    second eviction case, which were closed by the Las Vegas Justice Court upon debtor's filing of

24    a Notice of Bankruptcy. Creditor is dealing with HOA issues and is attempting to sell the

25    property but cannot do so while Debtor is in possession of the house. Creditor has no adequate

26    protection for his collateral and hence, this Motion is necessary.

27    **Efforts to Resolve Before Filing Motion (LR 4001(a)(2))**

28    On December 6, 2017 Creditor's counsel called and sent a text message to the two

**Efforts to Resolve Before Filing Motion (LR 4001(a)(2))**

On December 6, 2017 Creditor's counsel called and sent a text message to the two numbers provided by Debtor on his filings for the purpose of trying to resolve the matter and to discuss a voluntary lift of the Automatic Stay. Debtor did not answer but called back and offered to withdraw his bankruptcy petition if counsel agreed to withdraw the Five Day Notice to pay or quit.  Counsel rejected the offer.

## II.

## LEGAL ARGUMENT

**The Automatic Stay May Be Terminated Upon a Showing of Cause and to Prevent Irreparable Damage to the Interest of an Entity.**

Bankruptcy Code Section 362(d) provides, in pertinent part, as follows:
(d)      On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
        (1)      for cause, including the lack of adequate protection of an interest in property of such party in interest;
        (2)      with respect to stay of an act against property under subsection (a) of this section, if --
                (A)      the debtor does not have an equity in such property; and
                (B)      such property is not necessary to an effective reorganization;
        ...
(f)      Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

Bankruptcy Code § 362(d)(1) and (2), and (f).

Pursuant to Section 362(g) of the Bankruptcy Code, the debtor has the burden of proof on all issues, except the issue of the debtor's equity in the Property.  See, In re Gauvin, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982).

Debtor has been using the bankruptcy court in order to remain in his rental home without paying rent, since August 2017.  The bankruptcy protections are not intended for that purpose. He filed for Chapter 7 protection in 2013 (Case No.: 13-11367-lbr), and for Chapter 13 protection in August 2017 (Case No.: 17-14431-abl), and then again in December 2017 (Case No: 17-16448-abl).

1    Here, creditor has no adequate protection for his interests: the underlying unsecured debt

2  as well as possession of the property.  More importantly, Creditor/Landlord NEAL

3  POLACHEK's HOA is assessing fees and fines against the property for violatoins caused by

4  Debtor.  Additionally, Creditor/Landlord entered into an agreement with the HOA to pay them a

5  reduced settlement sum for the exorbitant fees and fines already racked up by the Debtor, but the

6  agreement requires the landlord to cure all violations by the end of the year (See, Agreement

7  attached).  As such, if the requested relief is not granted, Creditor faces the potential of

8  irreparable damage, including losing the property to HOA foreclosure.

9    WHEREFORE, Creditor NEAL POLACHEK prays for judgment, as follows:

10  1.    For an order granting relief from the Automatic Stay, and permitting creditor NEAL

11  POLACHEK to pursue summary eviction proceedings against Debtor in state court, for the

12  property at 6830 Relic, Las Vegas, NV 89149.

13  2.    For a finding that Rule 4001(a)(3) of the Rules of Federal Bankruptcy Procedure is

14  inapplicable or waived, and that Creditor NEAL POLACHEK may immediately enforce and

15  implement the order granting relief from the Automatic Stay.

16  3.    For sanctions and attorney's fees in the amount of $1,500 for having to come to court yet

17  again after receiving an order lifting stay, just because the debtor is abusing the bankruptcy

18  court.

19  4.    For an order barring the debtor for filing for bankruptcy protection for a year.

20  5.    For any further and/or other relief deemed appropriate by the Court.

21    **HOMEOWNER RELIEF LAWYERS**

22

23    /s/ Dale Kleven
      Dale K. Kleven, Esq.
24    Nevada Bar No. 007778
      5550 Painted Mirage Road, Suite 340
25    Las Vegas, NV 89149
      *Attorney for Creditor Neal Polachek*

26

27

28

4

## AFFIDAVIT OF DALE K. KLEVEN, ESQ. IN SUPPORT OF MOTION FOR PARTIAL RELIEF FROM THE AUTOMATIC STAY

STATE OF NEVADA      )
                              ) ss:

COUNTY OF CLARK     )

        DALE K. KLEVEN, ESQ., being first duly sworn deposes and says as follows:

1.      Affiant is the attorney of record for Creditor/Movant NEAL POLACHEK.

2.      Creditor/Movant is the legal owner of the address known as 6830 Relic Street Las Vegas, NV 89149.

3.      Debtor IMAD FRANK KATTAN is a tenant at the above described property.

4.      Affiant already secured an order lifting stay to evict the debtor.

5.      However, as soon as the order was granted, the debtor's bankruptcy case was dismissed.

6.      On November 28, 2017, Affiant posted or caused to be posted, a five day notice to pay rent or quit, on the door of Debtor at 6830 Relic Las Vegas, NV 89149.

7.      The same was also served on debtor via mail sent to that address.

8.      On December 1, 2017, Debtor filed another bankruptcy petition.

9.      Affiant spoke with Debtor on the phone and discussed the pending summary eviction and bankruptcy abuse.  The debtor offered to withdraw his petition if counsel for creditor withdrew his five day notice.

10.     Affiant refused to withdraw the five day notice.  Ultimately the parties were unable to reach a resolution.

11.     Creditor/Landlord NEAL POLACHEK's HOA is assessing fees and fines against the property for violatoins caused by Debtor.  Additionally, Creditor/Landlord entered into an agreement with the HOA to pay them a reduced settlement sum for the exorbitant fees and fines already racked up by the Debtor, but the agreement requires the landlord to cure all violations by the end of the year (See, Agreement attached).  As such, if the requested relief is not granted, Creditor faces the potential of irreparable damage, including losing the property to HOA foreclosure.

12.     This Motion is brought pursuant to subsection 362(d)(1) and (2) of the Bankruptcy Code and Bankruptcy Local Rules 4001(a), 9006, 9011, and 9014 to set aside the automatic stay and to allow Creditor to pursue eviction against Debtor in State Court, and to punish the debtor for abusing the bankruptcy stay in order to avoid paying rent.

13.     Movant also requests, pursuant to Rule 4001(a)(3) of the Bankruptcy Rules that the Court's Order take effect immediately, and that ten (10) day stay period set forth therein expressly not apply. The debtor has already been the beneficiary of this stay period and used it to dismiss his case and re-file bankruptcy.

    Further your affiant sayeth naught.

DALE K. KLEVEN, ESQ.

Subscribed and sworn to before me
this 13th day August, 2017.

NOTARY PUBLIC

JENNIFER ALEMAN
Notary Public, State of Nevada
Appointment No. 10-2116-1
My Appt. Expires Dec. 18, 2018

### CERTIFICATE OF SERVICE

    I hereby certify that I am an employee of Homeowner Relief Lawyers, LLC and that on this 14th day of December, 2017, I caused to be served a copy of the ***Motion for Partial Relief from Automatic Stay, on Order Shortening Time*** on the parties set forth below via facsimile, electronic service, email, and/or U.S. mail, addressed as follows:

IMAD FRANK KATTAN
6830 Relic Street
Las Vegas, NV 89149
Debtor in Proper Person

RICK A. YARNALL
701 Bridger Avenue #820
Las Vegas, NV 89101
Trustee

/s/Kim McGowan
An employee of HOMEOWNER RELIEF LAWYERS, LLC

6

# EXHIBIT 1

# EXHIBIT 1

8/23/2017                                    Clark County Real Property

# Michele W. Shafe, Assessor

## REAL PROPERTY PARCEL RECORD

Click Here for a Print Friendly Version

| Assessor Map | Aerial View | Building Sketch | Ownership History | Neighborhood Sales | New Search |
|---|---|---|---|---|---|

### GENERAL INFORMATION

| | |
|---|---|
| **PARCEL NO.** | 125-20-210-047 |
| **OWNER** AND **MAILING ADDRESS** | POLACHEK NEAL & LORI H<br>70 TAMALPIAS AVE<br>SAN ANSELMO<br>CA 94960-2122 |
| **LOCATION ADDRESS**<br>**CITY/UNINCORPORATED TOWN** | 6830 RELIC ST<br>LAS VEGAS |
| **ASSESSOR DESCRIPTION** | CONCORDIA AT DEER SPRINGS<br>PLAT BOOK 105 PAGE 27<br>LOT 47 BLOCK 3 |
| **RECORDED DOCUMENT NO.** | * 20061201:03604 |
| **RECORDED DATE** | Dec 1 2006 |
| **VESTING** | RS |

*Note:  Only documents from September 15, 1999 through present are available for viewing.

### ASSESSMENT INFORMATION AND VALUE EXCLUDED FROM PARTIAL ABATEMENT

| | |
|---|---|
| **TAX DISTRICT** | 200 |
| **APPRAISAL YEAR** | 2016 |
| **FISCAL YEAR** | 2017-18 |
| **SUPPLEMENTAL IMPROVEMENT VALUE** | 0 |
| **INCREMENTAL LAND** | 0 |
| **INCREMENTAL IMPROVEMENTS** | 0 |

### REAL PROPERTY ASSESSED VALUE

| **FISCAL YEAR** | 2016-17 | 2017-18 |
|---|---|---|
| **LAND** | 11200 | 13650 |
| **IMPROVEMENTS** | 40719 | 44804 |
| **PERSONAL PROPERTY** | 0 | 0 |
| **EXEMPT** | 0 | 0 |
| **GROSS ASSESSED (SUBTOTAL)** | 51919 | 58454 |
| **TAXABLE  LAND+IMP (SUBTOTAL)** | 148340 | 167011 |
| **COMMON ELEMENT ALLOCATION ASSD** | 0 | 0 |
| **TOTAL ASSESSED VALUE** | 51919 | 58454 |
| **TOTAL TAXABLE VALUE** | 148340 | 167011 |

8/23/2017                                     Clark County Real Property

Click here for Treasurer Information regarding real property taxes.

Click here for Flood Control Information.

## ESTIMATED LOT SIZE AND APPRAISAL INFORMATION

| ESTIMATED SIZE | 0.07 Acres |
|---|---|
| ORIGINAL CONST. YEAR | 2003 |
| LAST SALE PRICE<br>MONTH/YEAR<br>SALE TYPE | 150136<br>4/2003<br>R - Recorded Value |
| LAND USE | 20.110 - Single Family Residential |
| DWELLING UNITS | 1 |

## PRIMARY RESIDENTIAL STRUCTURE

| 1ST FLOOR SQ. FT. | 729 | CASITA SQ. FT. | 0 | ADDN/CONV | |
|---|---|---|---|---|---|
| 2ND FLOOR SQ. FT. | 793 | CARPORT SQ. FT. | 0 | POOL | NO |
| 3RD FLOOR SQ. FT. | 0 | STYLE | Two Story | SPA | NO |
| UNFINISHED BASEMENT SQ. FT. | 0 | BEDROOMS | 3 | TYPE OF CONSTRUCTION | Frame-Stucco |
| FINISHED BASEMENT SQ. FT. | 0 | BATHROOMS | 2 FULL /1 HALF | ROOF TYPE | Concrete Tile |
| BASEMENT GARAGE SQ. FT. | 0 | FIREPLACE | 0 | | |
| TOTAL GARAGE SQ. FT. | 460 | | | | |

## *ASSESSORMAP VIEWING GUIDELINES*

| MAP | 125202 |
|---|---|
| | In order to view the Assessor map you must have Adobe Reader installed on your computer system.<br><br>If you do not have the Reader it can be downloaded from the Adobe site by clicking the following button. Once you have downloaded and installed the Reader from the Adobe site, it is not necessary to perform the download a second time to access the maps.<br><br>Get Adobe Reader |

NOTE: THIS RECORD IS FOR ASSESSMENT USE ONLY. NO LIABILITY IS ASSUMED
AS TO THE ACCURACY OF THE DATA DELINEATED HEREON.

# EXHIBIT 2

# EXHIBIT 2

# RESIDENTIAL LEASE

AGREEMENT made this 30th day of June 2012 by and between **Ron Hillman and Lori Hillman Polachek and Neal Polachek** and **(hereinafter** referred to as "Lessors") **Frank Kattan** (hereinafter referred to as "Lessee")

## LEASE

**A. The Premises:** Lessor, in consideration of the agreements of Lessee herein contained, leases to Lessee a dwelling house situated in the city of Las Vegas, State of Nevada, commonly described as:

## 6830 Relic Street, Las Vegas NV 89149

The above described real property shall be hereinafter referred to as "the Premises."

**B. Term:** This lease shall commence on the day 8th day of July 2012 and shall continue until the 31st day June of 2014. This lease shall continue for 3 (three) successive 1 (one) year periods on the election of the Lessee. Lessee shall inform Lessor of Leeses's intent to exercise any such extension 30 (thirty) days prior to the expiration of said lease and any extension thereof as provided for herein.

**C. Notices and Communications:** During the term of this lease, all notices or other communications regarding this lease, the shall be directed to Lessee at the Premises. Upon termination of the lease, or otherwise, any notices or communications associated with this lease or its enforcement shall be directed to Lessee at the place designated by Lessee to Lessor following notification to Lessor in writing. During the term of this Lease, all notices from Lessee to Lessor shall be directed to parties and shall supersede any and all prior or contemporaneous negotiations, agreements, representations or otherwise. Any modification to this lease agreement shall only be binding upon the parties if made in writing and signed by the parties hereto.

**D. The Entire Agreement:** This document shall constitute the entire lease agreement of the parties and shall supersede any and all prior or contemporaneous negotiations, agreements, representations or otherwise. Any modification to this lease agreement shall only be binding upon the parties if made in writing and signed by the parties hereto.

**E. Condition of Premises, Fixtures, Appliances and Equipment:** Lessee hereby acknowledges that Lessee originally inspected the Premises, all Fixtures, Appliances and Equipment and that the same were, upon delivery of the Premises to Lessee, respectively, in good and habitable condition, working order, clean, safe and without damage, deterioration, or blemish.

**F. LESSEE'S PROMISES AND COVENANTS:** Lessee, in consideration of the lease from Lessor, agrees and covenants as follows:

1. **Rent.** To pay as rent the amount of **$895 (eight hundred and ninety five dollars)** per month for payments to be made on or before the 1st calendar day of each month. The first payment of **$895.00 (eight hundred and ninety five hundred dollars)** shall be due on July 8, 2012. The second rent payment of shall be $656.33 which shall represent the prorated amount for the partial month of July 2012 shall be due on August 1, 2012 All rent payments shall be addressed to **Neal Polachek 70 Talmapias San Anselmo, CA 94960** and may be mailed or hand delivered to the same, or at such other place as may be from time to time designated by Lessor. If Lessor does not receive Lessee's rent payment by the 5th business day after the rent payment is due, Lessee agrees to pay to Lessor a late fee in the amount of $100.00. If Lessor does not receive Lessee's rent payment by the 10th business day after the rent payment is due, Lessee agrees to pay to Lessor a late fee in the amount of $200.00. Notice to " PAY RENT OR QUIT" shall be posted on the six day after said rent is due.

2. **Security Deposit.** To deposit with Lessor the sum of **$500 (five hundred dollars)** to be paid as follow: $300 (three hundred dollars) on June 30, 2012 and $200 (two hundred dollars on August 1, 2012. Said security deposit shall serve as security for any damage caused to the Premises during the term hereof and for cleaning of the premises should Lessee not deliver the premises in a clean condition at the termination of the lease.

3. **Utilities.** To arrange for and pay all utilities, including, water, gas, electric, telephone during the term of this lease. Lessor shall pay for trash and sewer.

4. **Maintenance.** To, at Lessee's sole expense, keep and maintain the Premises, externally and internally, and all appurtenances in good and sanitary condition and repair during the term of this Agreement and any renewal thereof, reasonable wear and tear excepted. Without limiting the generality of the foregoing, Lessee shall:

(a) Not obstruct the driveways, sidewalks, courts, entryways, stairs and/or halls, which shall be used for the purposes of ingress and egress only;

b) Keep all windows, glass, window coverings, doors, locks and hardware in good, clean order and repair;

c) Not obstruct or cover the windows or doors; (d) Not leave windows or doors in an open position during any inclement weather;

(e) Not hang any laundry, clothing, sheets, etc. from any window, rail, porch or balcony nor air or dry any of same within any yard area or space;

(f) Keep all air conditioning filters clean and free from dirt;

(g) Keep all lavatories, sinks, toilets, and all other water and plumbing apparatus in good order and repair and shall use same only for the purposes for which they were constructed. Lessee shall not allow any sweepings, rubbish, sand, rags, ashes or other substances to be thrown or deposited therein. Any damage to any such apparatus and the cost of clearing stopped plumbing resulting from misuse shall be borne by Lessee;

(h) Lessee and Lessee's family and guests shall at all times maintain order in the Premises and at all places on the Premises, and shall not make or permit any loud or improper noises, or otherwise disturb neighbors or other residents;

(i) Keep all radios, television sets, stereos, phonographs, etc., turned down to a level of sound that does not annoy or interfere with other neighbors or residents;

(j) Deposit all trash, garbage, rubbish or refuse in the trash cans provided therefor and shall not allow any trash,, garbage, rubbish or refuse to be

deposited or permitted to stand on the exterior of any building;

5. **No Alterations or Improvements.** To make no alterations or additions to the buildings or improvements on the Premises or construct any building or make any other improvements on the Premises without the prior written consent of Lessor. Any and alterations, changes, and/or improvements built, constructed or placed on the Premises by Lessee shall, unless otherwise provided by written agreement between Lessor and Lessee, be and become the property of Lessor and remain on the Premises at the expiration or earlier termination of this Agreement

6. **No Assignment or Subletting.** To not assign this neither lease nor sublet premises, or any part thereof, without such previous consent in writing of Lessor. Any consent by Lessor to one such assignment, sub-letting or license shall not be deemed to be consent to any subsequent assignment, sub- letting or license. An assignment, sub-letting or license without the prior written consent of Lessor or an assignment or sub-letting by operation of law shall be absolutely null and void and shall, at Lessor's option, terminate this Agreement.

7. **Lessor's Right of Access.** To permit Lessor or Lessor's agents at all reasonable times during the term of this Agreement and any renewal thereof to enter the Premises for the purpose of inspecting the Premises and all buildings and improvements thereon for the purposes of making any repairs, additions or alterations as may be deemed appropriate by Lessor for the preservation of the Premises or the building upon a 24 (twenty four) hour notice to Lessee by Lessor. The right of entry shall likewise exist for the purpose of removing placards, signs, fixtures, alterations or additions that do not conform to this Agreement or to any restrictions, rules or regulations affecting the Premises

8. **Occupancy.** To use and permit to occupy the Premises only by Lessee and Lessee's immediate family or two other occupants in addition to Lessee, exclusively, as a private single family dwelling, and no part of the Premises shall be used at any time during the term of this Agreement by Lessee for the purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single family dwelling, unless agreed to in writing by Lessor. Lessee shall not allow any persons in excess of five (5) total occupants in the premises to use or occupy the Premises without first obtaining

Lessor's written consent.

9. **Compliance with Laws, Etc.** To comply with any and all laws, ordinances, rules and orders of any and all governmental or quasi-governmental authorities affecting the cleanliness, use, occupancy and preservation of the Premises. Lessee shall also comply with any and all provisions of the Covenants, Conditions & Restrictions (C C & Rs) of the HOA or any other rules or regulations now in existence or which may in the future be promulgated by the HOA.

10. **Hazardous Materials.** To not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

11. **Condition Upon Surrender of the Premises at Termination.** On termination of lease, to peaceably yield up premises with fixtures which now are or at any time during the term shall be thereon in as good and tenantable condition, in all respects, reasonable wear and use and damage by fire and other unavoidable casualties excepted, as the same now are.

12. **Animals.** No animals shall be allowed.

13. **Automobiles.** Only 2 automobiles and motorcycles shall be allowed.

**G. LESSOR'S PROMISES AND COVENANTS:** Lessor, in consideration of promises and covenants from Lessee, agrees and covenants as follows:

1. **Possession.** To deliver to Lessee, on the date specified herein for the lease to commence, possession of the Premises.

2. **Quiet Enjoyment.** To ensure Lessee's quiet enjoyment of the Premises throughout the term of this lease.

**H. MUTUAL PROMISES AND COVENANTS:** It is mutually agreed as follows:

1. **Binding Nature of the Terms and Conditions.** The terms and conditions

contained in this lease shall apply to and bind the heirs, successors and assigns of the respective parties hereto.

2. **Waiver.** Waiver by Lessor of any agreement or condition herein shall not be considered a waiver of any subsequent breach of the agreement or condition.

3. **Returned Checks.** If any check for payment of rent or other obligation of Lessee to Lessor is returned or not honored for any reason, Lessee agrees to pay a returned/dishonored check fee in the amount of Twenty-Five Dollars ($25.00) and to immediately pay to Lessor the full amount of the returned/dishonored check in cash or with certified funds. Only cashier checks or money orders will be accepted by Lessor for future rent payments after Lessor has received a check for payment of rent or other obligation of Lessee to Lessor which is returned or not honored for any reason,

4. **Failure to Pay Rent.** If Lessee or lessee's representatives or assigns fail to pay rent when due and said default continues for three (3) days Lessor or those having Lessor's estate may, at Lessor's option, declare the entire balance of rent payable hereunder to be immediately due and payable and lessor or those having lessor's estate in premises lawfully may, immediately or at any time thereafter, and while such neglect or default continues, pursue any and all remedies allowable under Nevada law to expel lessee and to take possession of the Premises. If lessor does take action to regain possession of the premises said action shall not prejudice or limit any remedies which lessor might otherwise have to recover arrears of rent, or to remedy a preceding breach of agreement.

5. **Failure to Comply With the Provisions of the Lease.** If Lessee fails to comply with any of the material provisions of this Agreement, other than the covenant to pay rent, or of any present rules and regulations or any that may be hereafter prescribed by Lessor, or materially fails to comply with any duties imposed on Lessee by statute or ordinance, within seven (7) days after delivery of written notice by Lessor specifying the non-compliance and indicating the intention of Lessor to terminate the Lease by reason thereof, Lessor may terminate this Agreement and declare the entire balance of rent immediately due and payable and may exercise any and all rights and remedies available to Lessor at law or in equity.

6. **No Waiver of Any Rights Under Nevada Law.** Lessee does not hereby waive any rights under Nevada's eviction laws and it is understood and agreed by the parties hereto that Landlord's exercise of any remedy under this agreement for Lessee's failure to comply with any provision of this agreement must be in accordance with Nevada law.

7. **Destruction of the Premises.** In the case that the premises or any part thereof shall, during the term, be destroyed or damaged by fire or other unavoidable casualty, so as to be rendered unfit for use and habitation, the rent reserved herein, or a just and proportionate part thereof, according to nature and extent of injuries sustained, shall be suspended or abated until premises shall have been put in proper condition for use and habitation by Lessee, or these presents shall thereby be determined and ended at election of Lessor or Lessor's legal representatives.

8. **Subordinate to Prior Interests.** This Agreement and Lessee's interest hereunder are and shall be subordinate, junior and inferior to any and all mortgages, liens or encumbrances now or hereafter placed on the Premises by Lessor, all advances made under any such mortgages, liens or encumbrances (including, but not limited to, future advances), the interest payable on such mortgages, liens or encumbrances and any and all renewals, extensions or modifications of such mortgages, liens or encumbrances.

9. **Continuation of Lease.** If Lessee remains in possession of the Premises with the consent of Lessor after the natural expiration of this Agreement, a new tenancy from month-to-month shall be created between Lessor and Lessee which shall be subject to all of the terms and conditions hereof and shall then be due and owing at same rate per month as specified herein for the original tenancy as specified herein except that such tenancy shall be terminable upon fifteen (15) days written notice served by either party. Page 5 of 10

10. **Limitation of Liability.** Lessor shall not be liable for any damage or injury of or to the Lessee, Lessee's family, guests, invitees, agents or employees or to any person entering the Premises or the building of which the Premises are a part or to goods or equipment, or in the structure or equipment of the structure of which the Premises are a part, and Lessee hereby agrees to indemnify, defend and hold Lessor harmless from any and all claims or assertions of every kind and nature.

11. **Abandonment.** If at any time during the term of this Agreement Lessee abandons the Premises or any part thereof, Lessor may, at Lessor's option, obtain possession of the Premises in the manner provided by law, and without becoming liable to Lessee for damages or for any payment of any kind whatever. Lessor may, at Lessor's discretion, as agent for Lessee, relet the Premises, or any part thereof, for the whole or any part thereof, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting, and, at Lessor's option, hold Lessee liable for any difference between the rent that would have been payable under this Agreement during the balance of the unexpired term, if this Agreement had continued in force, and the net rent for such period realized by Lessor by means of such reletting. If Lessor's right of reentry is exercised following abandonment of the Premises by Lessee, then Lessor shall consider any personal property belonging to liability for doing so. Lessee and left on the Premises to also have been abandoned, in which case Lessor may dispose of all such personal property in any manner Lessor shall deem proper and Lessor is hereby relieved of all

12. **Death of Lessee.** In the event of Lessee's death, this lease shall terminate and all rights of possession shall be restored to Lessor.

13. **Applicable Law.** This Agreement shall be governed, construed and interpreted by, through and under the Laws of the State of Nevada.

14. **Severability.** If any provision of this Agreement or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Agreement nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

15. **No Waiver.** No indulgence, waiver, election or non-election by Lessor under this Agreement shall affect Lessee's duties and liabilities hereunder.

16. **Entire Agreement.** The parties hereby agree that this document contains the entire agreement between the parties and this Agreement shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto

19. **Attorneys Fees and Costs.** Should it become necessary for Lessor or Lessee to employ an attorney to enforce any of the conditions or covenants hereof through court action, including the collection of rents or gaining possession of the Premises, the parties hereto agree to pay all expenses so

20. **Death of Lessor**: This lease and option shall include and insure to and bind the heirs, executors, administrators, successors, and assigns of Lessee upon the death of Lessor.

IN WITNESS WHEREOF, Lessor and Lessee have executed this lease on the 30th day of June 2012.

**LESSEE:**

Frank Kattan

**LESSOR:** PROPERTY MGR.

Ron  Hillman

**LESSOR:**

Neal Polachek

**LESSOR:**

Lori Hillman Polachek

# EXHIBIT 3

# EXHIBIT 3



_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
November 20, 2017

DALE K. KLEVEN, ESQ.
Nevada Bar No. 007778
Relief Lawyers LLC
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Phone 702-589-7520
Fax 702-577-1075
Email: dale@hrlnv.com
*Attorney for Creditor/Landlord Neal Polachek*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No.    17-14431-ABL |
|---|---|
| FRANK KATTAN | Chapter 13 |
| aka IMAD FRANK KATTAN, | |
| Debtor. | |

**ORDER GRANTING CREDITOR/LANDLORD, NEAL POLACHEK'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

Creditor/Landlord NEAL POLACHEK's Motion for Relief from Automatic Stay, having

come before the above court on October 4, 2017, at 10:30 am; movant appearing by and through

Dale K. Kleven, Esq., of Homeowner Relief Lawyers LLC, and Debtor appearing in proper

person; the Court having reviewed the motion, the opposition, and the file, and hearing oral

argument from both the movant and the debtor; the Court having found that the motion was

properly filed, noticed, and served; the Court having made its detailed findings of fact and

conclusions of law on the record at the time of hearing, which are incorporated herein pursuant

1  to Fed.R.Bankr.P 7052 and 9014, and set forth below in part; for good cause shown, it is hereby:

2       FOUND that Creditor/Landlord, Neal Polachek's Motion for Relief from Automatic

3  Stay (Doc. #12) to allow the pending eviction to proceed, is properly brought and supported in

4  accordance with Bankruptcy Code Section 362(d)(1).

5       FOUND that the Debtor filed an opposition to the motion (Doc. #19), which was also

6  properly filed and served.

7       FOUND that Cause does exist to grant movant's motion for relief from stay because:

8       a.    the Debtor lacks equity in the movant's property;

9       b.    the Debtor has a leasehold interest in movant's propery;

10      c.    the Debtor's interest is contingent upon compliance with the lease;

11      d.    the Debtor is in default of his lease with movant;

12      e.    the amount of default is undisputed and significant;

13      f.    the Debtor admits to owing approximately $15,000 in rent arrears;

14      g.    the Debtor remains in possession of the property without paying rent;

15      h.    the Debtor has continued to not pay rent post petition;

16      i.    the Movant has no adequate protection;

17      i.    the Debtor failed to carry his burden; and

18      j.    the Court can find no equities in favor of Debtor.

19  Therefore, it is hereby:

20      ORDERED that pursuant to subsection 362(d)(1) and (2) of the Bankruptcy Code and

21  Bankruptcy Local Rules 4001(a), 9006, and 9014 Creditor/Landlord's Motion for Relief from

22  the Automatic Stay is hereby GRANTED, in part.

23      ORDERED that Creditor/Landlord, NEAL POLACHEK may proceed with eviction of

24  Debtor in State, County, or City courts.

25      ORDERED that Creditor/Landlord, NEAL POLACHEK's request for the court to waive

26  the ten (10) day stay period pursuant to Rule 4001(a)(3) of the Bankruptcy Rules is hereby

27  DENIED.  The order will be effective ten days from the date of hearing.

28      ORDERED that creditor s attorney will prepare the Order and circulate a copy to Debtor

1  for approval as to form and content.

2  IT IS SO ORDERED.

3      DATED this 1st day of November, 2017.

4  Respectfully Submitted:

5      RELIEF LAWYERS LLC

6      /s/ Dale K. Kleven, Esq.
7      DALE K. KLEVEN, ESQ.
       Nevada Bar No. 007778
       5550 Painted Mirage Rd., Suite 320
8      Las Vegas, Nevada  89149
       Dale@hrlnv.com
9      *Attorney for Creditor/Landlord Neal Polachek*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

# EXHIBIT 4

# FIVE-DAY NOTICE TO PAY RENT OR QUIT
## (NRS 40.253)

TO: <u>FRANK KATTAN, and ALL OTHER OCCUPANTS</u>
*Tenant(s) Name(s)*

<u>6830 RELIC STREET</u>
*Address*

<u>Las Vegas, NV 89107</u>
*City, State, Zip Code*

FROM: <u>Homeowner Relief Lawyers, LLC</u>
*Landlord's Name*

<u>5550 Painted Mirage Rd., Suite 320</u>
*Address*

<u>Las Vegas, NV 89149</u>
*City, State, Zip Code*

<u>(702) 589-7520</u>
*Telephone Number*

Date of Service: <u>November 28, 2017</u>

**PLEASE TAKE NOTICE** that you are in default in payment of rent for the above-described premises in the sum of <u>$19,165</u> <u>plus $4,100 late fees</u> for the period *(insert beginning date covered by rent due)* <u>January 1, 2016</u> to *(insert ending date covered by rent due)* <u>November 1, 2017</u>. Rental payment(s) became delinquent on *(insert first date rent was due but not paid)* <u>January 6, 2016</u>

Your failure to pay rent or vacate the premises before noon on the fifth judicial day[1] following the Date of Service of this notice may result in your landlord applying to the Justice Court for an eviction order. If the court determines that you are guilty of an unlawful detainer, the court may issue a summary order for your removal or an order providing for your nonadmittance, directing the sheriff or constable to remove you within twenty-four (24) hours after receipt of the order. Pursuant to NRS 118A.390, you may seek relief if a landlord unlawfully removes you from the premises, or excludes you by blocking or attempting to block your entry upon the premises, or willfully interrupts or causes or permits the interruption of an essential service required by the rental agreement or chapter 118A of the Nevada Revised Statutes.

**YOU ARE HEREBY ADVISED OF YOUR RIGHT TO CONTEST THIS NOTICE by filing an Affidavit (or Answer), no later than noon on the fifth judicial day following the Date of Service of this notice, with the Justice Court for the Township of** *(insert name of township where property is located)* <u>Las Vegas Township</u> **, stating that you have tendered payment or are not in default in payment of rent. The Justice Court is located at** *(insert Justice Court's address):*

[1]OU CAN OBTAIN AN AFFIDAVIT/ANSWER FORM AND INFORMATION at the Civil Law Self-Help Center, located at the Regional Justice Center, downtown Las Vegas, or on its website, www.CivilLawSelfHelpCenter.org.

## DECLARATION OF SERVICE

On *(insert date of service)* *November 28, 2017*, I served this notice in the following manner *(check **only** one)*:

☐ By delivering a copy to the tenant(s) personally, in the presence of a witness *(server, witness, and tenant must all sign landlord's copy of notice)*;

_____     _____     _____
*(Date)*                    *(Type or print name of witness)*     *(Signature of witness)*

_____
*(Tenant's signature)*                              **— OR —**

☐ Because the tenant(s) was absent from tenant's place of residence or from tenant's usual place of business, by leaving a copy with *(insert name)* _____, a person of suitable age and discretion, at either place AND mailing[2] a copy to the tenant(s) at tenant's place of residence or place of business;

**— OR —**

☑ Because tenant's place of residence or business could not be ascertained, or a person of suitable age or discretion could not be found there, by posting a copy in a conspicuous place on the property, delivering a copy to a person there residing, if the person could be found, AND mailing[2] a copy to the tenant(s) at the place where the property is situated.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

*11/28/17*          *Thomas Franczek*          _____
*(Date)*            *(Type or print server's name)*     *(Server's signature)*

_____

[1] Judicial days do not include the date of service, weekends, or certain legal holidays.

[2] If this manner of service is used, Landlord must file with the court a "certificate of mailing" issued by the United States Post Office per NRS 40.280(3).

(Rev. 1.1, 10-14-2014)

© 2014 – Civil Law Self-Help Center, Clark County, Nevada

# EXHIBIT 5

# EXHIBIT 5

UNITED STATES
POSTAL SERVICE ®

Certificate Of Mailing

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: Relief Lawyers, LLC
5550 Painted Mirage Rd
Las Vegas, NV 89149

To: Frank Kattan, DOE occupant
6338 Relic St
Las Vegas, NV 89149

PS Form **3817**, April 2007 PSN 7530-02-000-9065

U.S. POSTAGE
LAS VEGAS, NV
89123
NOV 28 17
AMOUNT
$1.35
R2304H107728-11

1000

